**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **NO. 4:21-CR-00177-SDJ-AGD-1** |
| | § | |
| **ERICK MANUEL OCHOA VILLAGRAN** | § | |
| **DEFENDANT** | § | |

# DEFENDANT, ERICK MANUEL OCHOA VILLAGRAN'S MOTION FOR DOWNWARD DEPARTURE/VARIANCE

**TO THE HONORABLE SEAN D. JORDAN, UNITED STATES DISTRICT JUDGE:**

Defendant, ERICK MANUEL OCHOA VILLAGRAN, by and through his counsel, Maria Claudia Montani, submits this request for downward departure and/or variance.

## BACKGROUND

Mr. Ochoa is charged with one count of conspiracy to possess a controlled substance with intent to distribute (in violation of 21 U.S.C. 963[1], 21 U.S.C. §959(a)[2] and 21 U.S.C. § 960(b)(1)(B)[3] (PSR ¶ 1) The PSR calculation for Mr. Ochoa's offense level determination resulted in a total offense level 41. (PSR ¶ 42)

[1] 21 U.S.C. § 963 -. ATTEMPT OR CONSPIRACY
Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
[2] 21 U.S.C. § 959 – POSSESSION, MANUFACTURE, OR DISTRIBUTION OF CONTROLLED SUBSTANCE
(a)MANUFACTURE OR DISTRIBUTION FOR PURPOSE OF UNLAWFUL IMPORTATION
It shall be unlawful for any person to manufacture or distribute a controlled substance in schedule I or II or flunitrazepam or a listed chemical intending, knowing, or having reasonable cause to believe that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.
[3] 21 U.S.C. § 960(b)(1)(B) PROHIBITED ACTS
(b) PENALTIES
(1) In the case of a violation of subsection (a) of this section involving (B) 5 kilograms or more of a mixture or substance containing a detectable amount of—(ii)cocaine, its salts, optical and geometric isomers, and salts or isomers; the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life.

**Factors That May Warrant A Downward Departure**

Since at least March 27, 2025, Mr. Ochoa has been in the custody of the United States Government. (PSR ¶ 2) Pursuant to the plea agreement entered between the parties, the Court will determine if any other specific offense characteristics or adjustments should apply under the U.S.S.G[4]. (*see* ECF #28, Plea Agreement, Section 5c, Pg. 3)

**i. Amendment to U.S.S.C. Drug Guidelines**

United States Sentencing Commission has announced changes to §2D1.1, the Commission described the need for the changes as follows: "Part A includes two subparts to address concerns that the Drug Quantity Table overly relies on drug type and quantity as a measure of offense culpability and results in sentences greater than necessary to accomplish the purposes of sentencing." *See* United States Sentencing Commission, *Transcript of Public Hearing Held January 24, 2025*, available at *https://www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20250124/transcript.pdf,* at 12 (last accessed July 9, 2025.

In fact, the drug quantity table was created in such a way that tied the base offense levels to the statutory mandatory minimums imposed by the legislature. *See* United States Sentencing Commission, *Transcript of Public Hearing March 12, 2025,* available at *https://www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-*

[4] **§5K1.1. SUBSTANTIAL ASSISTANCE TO AUTHORITIES (POLICY STATEMENT)**
Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
(3) the nature and extent of the defendant's assistance;
(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance.

*meetings/2025031213/Transcript-Day1.pdf,* at page 160-162 (Testimony of Eric Sterling, Former Counsel to the House Crime Subcommittee*)*. The mandatory minimums themselves were pulled "out of the air" by the House with "zero empirical data" to support the numbers. *Id.* at 160. The former attorney who advised the subcommittee crafting the drug mandatory minimums noted to the commission that tying the base offense levels to the mandatory minimums lead to "excessive imprisonment of low-level offenders." *Id.* at 161.

**ii. Government Recommendation**

U.S.S.G. §5K1.1 Commentary Application Note Number 1, specifically states: *Sentence Below Statutorily Required Minimum Sentence* —Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

The Government has proffered to Mr. Ochoa that it is going to make a two-tiered sentence recommendation to the Court. The Government has indicated it will request an initial sentence of 210 months in the Federal Bureau of Prisons with a subsequent Federal Rule of Criminal Procedure, Rule 35[5] motion for an additional reduction of the sentence imposed by the Court. Mr. Ochoa at this time would request the Court to follow the recommendations of the parties and to initially sentence Mr. Ochoa to 210 months in the

---

[5] *Federal Rules of Criminal Procedure,* Rule 35 - Correcting or Reducing a Sentence
(b) REDUCING A SENTENCE FOR SUBSTANTIAL ASSISTANCE.
(1) *In General.* Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
(2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
(3) *Evaluating Substantial Assistance.* In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
(4) *Below Statutory Minimum.* When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

Federal Bureau of Prisons and grant the subsequent Rule 35 motion of the Government and ultimately reduce any sentence the Court imposes on December 9, 2025, under Rule 35(4).

Respectfully submitted,

/s/ *Maria Claudia Montani*
Attorney for Defendant
SBN 00786423
Vasilas & Montani PLLC
13747 Montfort Drive, Suite 250
Dallas, Texas 75240
P: 214-358-5140
Maria.Montani@VasilasLaw.com

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Downward Departure/Variance was served upon U.S. District Judge, Honorable Sean D. Jordan, Assistant U.S. Attorney, Wes Wynne, and U.S. Probation Officer, Amber Paddilla via electronic delivery through the ECF system on the 2nd of October 2025.

/s/ *Maria Claudia Montani*
Maria Claudia Montani